GILLESPIE, Presiding Justice:
Mrs. Connie Trollinger filed suit in the Circuit Court of Prentiss County against Robert Hanna Klinke to recover damages for personal injuries sustained in an automobile collision. The jury returned a verdict for defendant, and judgment was entered accordingly. Plaintiff appealed to this Court.
The accident occurred after midnight on U. S. Highway 72 a few miles west of Walnut in Tippah County. Sometime between 10:30 p. m. and midnight plaintiff and her brother left Booneville, Mississippi, for Memphis, Tennessee. At a point a few miles west of Walnut, plaintiff’s brother, who was driving plaintiff’s automobile, noticed that the clutch had ceased to function properly. He drove the car off the highway onto the shoulder, and an examination of the clutch revealed that it was impossible to shift the gears unless the automobile was traveling at a fairly rapid rate of speed. Plaintiff and her brother remained in the automobile well off the road for several hours. About two-thirty the following morning plaintiff’s brother flagged a westbound vehicle being driven by Archie Brown. Brown left the headlights of his car burning on dim and undertook to render assistance to plaintiff and her brother.
At the request of plaintiff’s brother, Brown assisted in pushing plaintiff’s automobile downhill, and after it began moving, plaintiff, who was under the wheel, made a u-turn across the highway. The vehicle came to rest with the right rear wheel off the south edge of the pavement and the front wheels near the center line of the highway. Thus, plaintiff’s automobile was headed either north or northeast and was resting across the south or eastbound lane of the highway. With plaintiff still at the wheel, her brother and Brown again attempted to push the vehicle forward, but the right rear wheel was caught on the edge of the pavement. At that time defendant came over the crest of a hill which was between 350 and 600 feet west of plaintiff’s stalled vehicle. Defendant was driving about 55 miles per hour and was traveling east in the south lane of the highway. Upon seeing the lights of Brown’s vehicle and before reaching the crest of the *576 hill, defendant dimmed his lights. When defendant saw the Brown vehicle parked on the north shoulder of the road, he released his foot from the accelerator and began slowing down. However, because of the lights on Brown's vehicle, he did not readily see plaintiff’s automobile blocking his lane of the highway. When defendant did see plaintiff’s vehicle, he applied his brakes and skidded about 75 feet before striking plaintiff’s vehicle on its left side, propelling it forward about 43 feet. Defendant’s vehicle stopped approximately at the point of impact.
Plaintiff alleged that defendant was negligent in driving his automobile at an excessive rate of speed, in failing to have it under control and in failing to keep a proper lookout ahead, and that these negligent acts proximately contributed to plaintiff’s injuries.
Plaintiff contends that the jury verdict in favor of defendant is contrary to the overwhelming weight of the evidence. It is argued that defendant is presumed to have seen that which was in his range of vision or that which, with the exercise of due diligence, he should have seen, citing Central Truck Lines, Inc. v. Rogers, 140 So.2d 130 (Fla.App.1962). We have given careful consideration to this contention and have concluded that whether defendant was guilty of negligence proximately contributing to plaintiff’s injuries was a question for the jury. The lights on Brown’s car were shining in a westerly direction. Plaintiff’s automobile was facing generally north or northeast so that neither the headlights nor the taillights were facing defendant as he came over the crest of the hill. Plaintiff’s car was of a dark color. Under all the circumstances we are not able to say that the exoneration of defendant from negligence was against the overwhelming weight of the evidence.
Blocking the free passage of high speed traffic on main highways by disabled vehicles is a major traffic hazard, especially at night. In this case plaintiff and her brother negligently moved the disabled vehicle from a position of safety to a point where it blocked defendant’s lane of traffic. Under all the circumstances the jury was justified in finding that the negligence of plaintiff and her brother was the sole proximate cause of the injuries.
We find no error in the instructions when they are read together.
Affirmed.
RODGERS, JONES, BRADY and SMITH, JJ., concur.